1  JULIE E. HOFER, #152185
   julie@donahue.com
2  ERIC A. HANDLER, #224637
   ehandler@donahue.com
3  DONAHUE GALLAGHER WOODS LLP
   Attorneys at Law
4  300 Lakeside Drive, Suite 1900
   Oakland, California 94612-3570
5  Telephone: (510) 451-0544
   Facsimile: (510) 832-1486
6
   Attorneys for Plaintiffs
7  PEARSON EDUCATION, INC., JOHN
   WILEY & SONS, INC., CENGAGE
8  LEARNING INC. AND THE MCGRAW-
   HILL COMPANIES, INC.
9

ORIGINAL

FILED
APR 30 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASE NO. C09-01889

| | |
|---|---|
| PEARSON EDUCATION, INC., a Delaware corporation; JOHN WILEY & SONS, INC., a New York corporation; CENGAGE LEARNING INC., a Delaware corporation; and THE MCGRAW-HILL COMPANIES, INC., a New York corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DICKSON T. WONG, individually; DICKSON T. WONG, as Trustee of the SIERRA SKY REVOCABLE LIVING TRUST; DICKSON T. WONG, as Trustee of the XELA REVOCABLE LIVING TRUST DATED DEC 25, 2008, a/k/a the XELA REVOCABLE LIVING TRUST; and DOES 1-5,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiffs Pearson Education, Inc. ("Pearson"), John Wiley & Sons, Inc. ("Wiley"), Cengage Learning Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), referred to collectively hereinafter as "Plaintiffs" and singularly as "Plaintiff," by their undersigned attorneys, for their complaint against defendants Dickson T. Wong individually ("Wong"), Wong as Trustee of the Sierra Sky Revocable Living Trust, Wong as Trustee of the Xela Revocable Living Trust Dated Dec 25, 2008, a/k/a the Xela Revocable Living Trust, and Doe Nos. 1-5, referred to collectively hereinafter as "Defendants," state and allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are bringing this action to obtain legal and equitable relief to remedy (a) Defendants' infringement of Plaintiffs' copyrights through their sales of copies of instructors' solutions manuals, and (b) Defendants' fraudulent conveyance of real property, specifically Unit 042-05, Brittan Heights Condominium, Lot No. 5, RSM 80/18-37, City of San Carlos, County of San Mateo, State of California, with the address 3358 Brittan Ave, Unit #5, San Carlos, CA 94070-3416, (the "Brittan Heights Condominium"), in an attempt to defeat Plaintiffs' ability to recover their damages.

## JURISDICTION AND VENUE

### Parties

2. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

3. Wiley is a corporation organized and existing under the laws of the State of New York with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

4. Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

5. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

6. Upon information and belief, Wong is a natural person and a resident of the State of California.

7. Upon information and belief, Sierra Sky Revocable Living Trust is a trust settled under the laws of the State of California, for which Wong is the trustee.

8. Upon information and belief, the Xela Revocable Living Trust Dated Dec 25, 2008, a/k/a the Xela Revocable Living Trust, is a trust settled under the laws of the State of California on December 25, 2008, for which Wong is the trustee.

9. Upon information and belief, Plaintiffs allege that defendants named herein as Does 1-5, inclusive (referred to collectively hereinafter as the "Does") are either entities or individuals subject to the jurisdiction of this Court. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Does are unknown to Plaintiffs, who therefore sue the Does, and each of them, by such fictitious names, and Plaintiffs will seek leave of the Court to amend this Complaint to allege such true names and capacities when the same are ascertained.

10. Upon information and belief, Plaintiffs allege each of the Defendants was an agent, employee, and/or alter-ego of each of the other remaining Defendants and, at all times relevant herein, acted within the course and scope of such agency and employment.

### Jurisdiction

11. This Court has subject matter jurisdiction over the first claim in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has supplemental jurisdiction over the second claim for relief under 28 U.S.C. § 1367(a). This Court also has jurisdiction over the second claim for relief pursuant to 28 U.S.C. §§ 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### Venue

12. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

### Intradistrict Assignment

13. Because this matter is an Intellectual Property Action, there is no basis for assignment to a particular location or division of the Court pursuant to Civil L.R. 3-2(c).

### THE BUSINESS OF PLAINTIFFS

14. Each Plaintiff publishes a variety of works, including educational books.

15. As a standard practice, each Plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States. This practice enables each Plaintiff to maximize the dissemination of each work.

16. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

17. Plaintiffs earn a substantial portion of their revenue from the publication, reproduction and distribution of their copyrighted works, and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause Plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

18. Plaintiffs derive an important part of their business from publishing, reproducing, and distributing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

19. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manual is freely and/or widely available. Accordingly, Plaintiffs do not sell their instructors' solutions manuals, and tightly control distribution thereof to known faculty.

### PLAINTIFFS' COPYRIGHTS

20. Plaintiffs routinely register their copyrights.

21. Pearson has generally registered its copyrights in its works, including the works on Exhibit A (the "Pearson Copyrights"). Wiley has generally registered its copyrights in its works,

-4-

including the works on Exhibit B (the "Wiley Copyrights"). Cengage has generally registered its copyrights in its works, including the works on Exhibit C (the "Cengage Copyrights"). McGraw-Hill has generally registered its copyrights in its works, including the works on Exhibit D (the "McGraw-Hill Copyrights").

## THE ACTS OF COPYRIGHT INFRINGEMENT

22. Defendants Wong, the Sierra Sky Revocable Living Trust, and the Does (the "Infringing Defendants") have without permission reproduced and sold copies of Plaintiffs' instructors' solutions manuals through online sales at sites such as studentdump.com and craigslist.com using the username Profbook1, the names Kerry Melborne, Cathy Fujitsu, Red Lionel, Betty Cash, Kerry Limar, Jeff Howks and the e-mail addresses accountantwilly12@yahoo.com, kerrylimar@yahoo.com, keytarget10@yahoo.com, bettycash01@yahoo.com, cathyfu101@yahoo.com, redlion0011@yahoo.com, and jeffhowks12000@hotmail.com (the "E-Mail Addresses").

## THE FRAUDULENT CONVEYANCE

23. From on or about December 11, 1996 to December 29, 2008, Wong owned the Brittan Heights Condominium.

24. Beginning in 2008, Plaintiffs conducted an investigation of the Infringing Defendants and learned of their unauthorized sales of infringing copies of instructors' solutions materials. Plaintiffs purchased from the Infringing Defendants infringing copies of Plaintiffs' works by paying the Infringing Defendants through the service offered by third-party PayPal, Inc. ("PayPal"). However, despite their purchases, Plaintiffs could not determine the identity of the Infringing Defendants.

25. On October 16, 2008, Plaintiffs commenced an action in the United States District Court for the Southern District of New York, entitled Pearson Education, Inc., John Wiley & Sons, Inc., Cengage Learning Inc. and The McGraw-Hill Companies, Inc. v. John Doe d/b/a/ Profbook1, d/b/a/ William McVittie d/b/a/ Cathy Fujitsu d/b/a/ Red Lionel d/b/a Betty Cash d/b/a/ Kerry Limar d/b/a/ Jeff Honks and John Doe Nos. 1-5, 08 Civ. 8885 (RMB) (the "New York Action").

26. On or about November 14, 2008, Plaintiffs provided notice of the pendency of the New York Action and the scheduling of a court conference, by an e-mail to the E-Mail Addresses.

27. On December 10, 2008, Plaintiffs moved the court for an order allowing service of a subpoena on PayPal to determine the identity of the Infringing Defendants. The court granted the application by order dated December 12, 2008. Plaintiffs thereafter served a subpoena on PayPal to determine the identity of the Infringing Defendants, and on December 14, 2008, gave notice of the subpoena by e-mail to the E-Mail Addresses.

28. On or before December 28, 2008, PayPal responded to the subpoena. The documents that PayPal produced, however, did not contain any valid contact information for the Infringing Defendants. The documents, however, did disclose that PayPal sent certain proceeds from the PayPal account to a Wachovia Bank account. On December 28, 2008, Plaintiffs distributed by e-mail to the E-mail Addresses the documents that PayPal had produced.

29. By quitclaim deed dated and filed in the Office of the County Clerk-Recorder of San Mateo County on December 29, 2008, a copy of which is attached hereto as Exhibit E, Wong transferred, without any consideration, ownership of the Britton Heights Condominium to Wong as Trustee of the Xela Revocable Living Trust Dated Dec 25, 2008.

30. On December 31, 2008, Plaintiffs filed a motion for leave to serve a subpoena on Wachovia Bank to determine the owner of that bank account disclosed in the PayPal document production. Upon information and belief, the Infringing Defendants promptly thereafter learned of the filing of this motion.

31. Upon information and belief, on January 2, 2009, Wong, as trustee of the Sky Revocable Living Trust, wrote a letter to Wachovia Legal Order Processing stating:

> Please notify the trust and the attorney by mail <u>immediately</u> if you received a subpoena request from a plaintiff's attorney... Please be advised that you should NOT provide the Trust's name and physical address to the Plaintiff's attorney until further notice from my attorney. (emphasis in original)

32. By quitclaim deed dated January 9, 2009, and filed in the Office of the County Clerk-Recorder of San Mateo County on January 13, 2009, a copy of which is attached hereto as

Exhibit F, Wong as Trustee of the Xela Revocable Living Trust Dated Dec 25, 2008 transferred, without consideration, the Brittan Heights Condominium to the Xela Revocable Living Trust to "confirm[] a name change."

33. Upon information and belief, Wong as an individual refinanced the Brittan Heights Condominium with a Deed of Trust executed by Dickson T. Wong, a Single Man, dated January 6, 2009. A Deed of Reconveyance, dated January 15, 2009 and noting that the indebtedness secured by this Deed of Trust had been fully paid, was recorded on March 4, 2009.

34. On April 2, 2009, Plaintiffs filed a Notice of Voluntary Dismissal, resulting in the dismissal without prejudice of the New York Action on April 3, 2009, as Plaintiffs had been unable to effect service on Wong.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 501, et seq.)

35. Plaintiffs re-allege and incorporate herein by this reference each of the allegations contained in Paragraphs 1 through 34 as though fully set forth.

36. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

37. Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

38. Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

39. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

40. The Pearson, Wiley, Cengage and McGraw-Hill Copyrights are valid and enforceable.

41. Upon information and belief, the Infringing Defendants have infringed certain of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

42. The Infringing Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage Plaintiffs. Plaintiffs have no adequate remedy at law for

-7-

these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining the Infringing Defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

43. Upon information and belief, the Infringing Defendants have willfully infringed certain of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights.

44. Plaintiffs are entitled to recover all damages sustained as a result of the Infringing Defendants' unlawful conduct, including the Infringing Defendants' profits and Plaintiffs' actual damages, or alternatively statutory damages under the Copyright Act.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Conveyance - Uniform Fraudulent Transfer Act)
### (Cal. Civ. Code § 3439, et seq.)

45. Plaintiffs re-allege and incorporate herein by this reference each of the allegations contained in Paragraphs 1 through 44 as though fully set forth.

46. Upon information and belief, Infringing Defendants had notice of the New York Action, Plaintiffs' subpoena served on PayPal, and Plaintiffs' motion for leave to serve a subpoena on Wachovia Bank to determine the owner of the bank account disclosed in the PayPal document production.

47. On December 29, 2008, Wong conveyed the Brittan Heights Condominium to himself as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008. On January 9, 2009, Wong as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008 conveyed the Brittan Heights Condominium to the Xela Revocable Living Trust. These two transfers shall collectively be referred to herein as the "Conveyances."

48. When Wong individually and as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008 made the Conveyances, Wong knew that Plaintiffs had asserted a claim for copyright infringement against him.

49. Upon information and belief, when Wong individually and as trustee of the Xela

Revocable Living Trust Dated Dec 25, 2008 made the Conveyances, Wong acted with the intent to hinder, delay, and/or defraud all of Wong's creditors in the collection of their claims and specifically to impair Plaintiffs' ability to collect on the claims set forth in the New York Action.

50. Upon information and belief, the Brittan Heights Condominium was received by Wong, as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008, with knowledge that Wong as an individual intended to hinder, delay, or defraud the collection of any judgment Plaintiffs may obtain against Wong in the New York Action.

51. Upon information and belief, when Wong individually and as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008 made the Conveyances, Wong did so without consideration.

52. Wong individually and as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008 fraudulently conveyed the Brittan Heights Condominium on December 29, 2008 and January 9, 2009. Plaintiffs are entitled to an order setting the Conveyances aside.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. That the Court issue a preliminary injunction enjoining and restraining Defendants, and each of them, and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert or conspiracy with Defendants or affiliated with Defendants, from:

    (a) Copying, reproducing, distributing, or using any unauthorized copies of Plaintiffs' copyrighted works;

    (b) Otherwise infringing any of Plaintiffs' copyrights; and

    (c) Destroying any copies of Plaintiffs' copyrighted works, materials, or documents, including without limitation electronic files or business records, that relate or pertain to:

        (i) The copying, reproduction, advertisement, offering for sale, sale, distribution, or use of Plaintiffs' copyrighted works; or

        (ii) The infringement of Plaintiffs' copyrights.

2. That the Court issue a permanent injunction making permanent the orders

1 | requested in paragraphs 1(a) and (b) of this Prayer for Relief;

2 |     3. That Plaintiffs be awarded for Defendants' copyright infringement either: (a) actual damages in an amount to be determined at trial, together with the profits derived from Defendants' unlawful infringement of the Pearson, Wiley, Cengage and McGraw-Hill Copyrights; or (b) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at Plaintiffs' election before the entry of a final judgment;

    4. That the Court issue an order requiring Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after service of an injunction a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

    5. That the Court issue an order upon judgment requiring Defendants to destroy any and all infringing copies of Plaintiffs' copyrighted works in Defendants' possession or control;

    6. That the Court issue an order setting aside and voiding the transfers of the Brittan Heights Condominium that Wong, as an individual and as trustee of the Xela Revocable Living Trust Dated Dec 25, 2008, made on December 29, 2008 and January 9, 2009 to the extent necessary to satisfy the claims set forth in the New York Action and in this action;

    7. That the Court award Plaintiffs their reasonable attorney's fees pursuant to 17 U.S.C. § 505;

    8. That the Court award Plaintiffs their costs of suit incurred herein; and

    9. That the Court grant such other and further relief as it deems just and proper.

///
///
///
///
///
///
///
///

-10-

COMPLAINT    CASE NO.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: April 30, 2009

DONAHUE GALLAGHER WOODS LLP

By: *Julie E Hofer*
Julie E. Hofer
Attorneys for Plaintiffs
PEARSON EDUCATION, INC., JOHN WILEY &
SONS, INC., CENGAGE LEARNING INC. AND
THE MCGRAW-HILL COMPANIES, INC.